# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICAINE A. SEELEY,

    **Plaintiff,**

      v.                                                    **Case No. 25-CV-496-SCD**

FRANK J. BISIGNANO,
  *Commissioner of the Social Security Administration,*

    **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

Micaine Seeley filed this action on April 3, 2025, seeking judicial review under the Social Security Act, 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying his application(s) for disability benefits. *See* ECF No. 1. Appended to the form complaint is a "statement of claim" section that opens with these two sentences:

> As the Claimant, Micaine A. Seeley, I currently proceed without legal representation. In view of my diminished cognitive aptitude and faculty, I have procured suitable aid from a non-lawyer who, with my full consent and participation, has functioned as my advocate and assistant throughout this endeavor, given my inability to perform at this level of writing and organization.

ECF No. 1 at 5. Nevertheless, the complaint is signed by Seeley, *see* ECF No. 1 at 4 & 21, and the non-lawyer advocate/assistant is not named anywhere in the complaint and has not attempted to file a notice of appearance on Seeley's behalf.

The commissioner has moved to strike the complaint pursuant to Rule 12(f) of the Federal Civil Rules of Procedure. *See* ECF No. 10. Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." The commissioner does not assert that the complaint contains any redundant, immaterial, impertinent, or scandalous matter. Rather, his basis for striking the complaint is that Seeley admitted it was drafted by a non-attorney advocate, and it is well-established that only a lawyer may represent another person in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("Although the Federal Rules of Appellate Procedure and [the Seventh] Circuit's Rules are silent as to whether non-lawyers may represent anyone other than themselves, it is clear that an individual may appear in the federal courts only *pro se* or through counsel.").

This is not the first time the commissioner has raised this issue with Seeley's filings. Seeley's social security appeal is in the district court for the second time. The first time around, the commissioner moved to strike Seeley's brief because it was prepared by a non-lawyer advocate. Judge Duffin denied the motion because Seeley alone signed the brief, and the non-lawyer advocate had not attempted to file an appearance on Seeley's behalf. *See* ECF No. 15 in *Seeley v. Comm'r*, No. 22-cv-00272-WED (E.D. Wis. July 25, 2022).

The same is true with respect to the complaint filed in this action. Although Seeley acknowledges assistance from a non-lawyer advocate/assistant in drafting the complaint, he alone signed the pleading, and the non-lawyer has not attempted to file an appearance on his behalf. *See* Fed. R. Civ. P. 11(a). These unique circumstances distinguish our case from the cases cited by the commissioner. *See* ECF No. 10-1 at 2. By signing the complaint, Seeley alone is responsible for its contents. Moreover, it is expected that many *pro se* individuals receive informal assistance from friends and family in navigating the complex world of the

2

courts, and this case appears no different. Accordingly, the court **DENIES** the defendant's

motion to strike, ECF No. 10.

      **SO ORDERED** this 27th day of June, 2025.

                _____
                STEPHEN C. DRIES
                United States Magistrate Judge